# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4645-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

D.D.Z.,

    Defendant-Appellant.

_____

Submitted September 19, 2017 — Decided October 24, 2017

Before Judges Yannotti and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 03-06-0881.

Joseph E. Krakora, Public Defender, attorney for appellant (William Welaj, Designated Counsel, on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Joie Piderit, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant D.D.Z. appeals from an order entered by the Law Division on March 11, 2016, which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

A Middlesex County grand jury indicted defendant of second-degree sexual assault of a child less than thirteen years old, N.J.S.A. 2C:14-2(b) (Count One); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (Count Two). Defendant was tried before a jury.

The following facts are taken from the record. The State alleged defendant sexually assaulted and endangered the welfare of a child, specifically, his nephew S.Z.[1] The State alleged the incident that formed the basis for the charges occurred sometime between February 1997 and February 1998, when S.Z. was between the ages of four and five, in defendant's parent's home.

S.Z. testified defendant touched his "private parts," which he defined as his "penis and butt." S.Z. said the incident occurred when he was five years old in the bathroom of his grandparent's home. S.Z. testified defendant had asked him to remove his clothes and said it was okay to do so because he was a doctor. S.Z. stated defendant also told him "to keep this hush-

---

[1] We use initials to protect the identities of the minor and his mother.

hush," which was why he did not tell anyone about the incident for several years.

S.Z.'s mother, defendant's former sister-in-law, testified at trial. She stated she had a conversation with defendant's nephews, R.Z. and S.Z., during which she informed them defendant "had a sickness, and it was called pedophilia." She then told R.Z. and S.Z. pedophilia meant their uncle touched boys inappropriately, and no one had the right to do so. After this conversation, S.Z. told his mother he remembered something, but he did not know if the memory was real or not. S.Z.'s mother instructed him not to worry whether the memory was real and to tell her what he remembered. S.Z. then relayed the details of the bathroom encounter to his mother. Shortly after this conversation, S.Z.'s mother notified the police who conducted an investigation.

Defendant was convicted on both counts. Defendant was sentenced to a seventeen-year term on Count One, and a concurrent five-year term on Count Two. Both sentences were subject to a parole disqualifier under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Defendant appealed and we affirmed his conviction, but remanded for resentencing. State v. D.D.Z., No. A-3328-04 (App. Div. Feb. 25, 2008). Defendant then filed a petition for PCR,

however the petition was dismissed without prejudice since defendant had not yet been resentenced.

Defendant filed a PCR petition on January 7, 2014, claiming ineffective assistance of counsel because counsel: (1) deprived him of his right to testify; (2) failed to request a "taint" hearing pursuant to State v. Michaels, 136 N.J. 299 (1994); (3) failed to conduct proper cross examination of the State's witnesses, including S.Z. and S.Z.'s mother; (4) failed to call expert witnesses; (5) was hostile toward defendant after he rejected a plea deal; and (6) failed to conduct a sufficient investigation prior to trial.

Defendant also argues the jury instructions were improper and prosecutorial misconduct occurred during both summation and the grand jury proceedings, depriving him of a fair trial. Although defendant's PCR petition was filed after the five-year time limit in Rule 3:22-12(a)(1), he contends it should not be time-barred because the failure to address the important issues raised in it would result in a fundamental injustice.

On April 23, 2015, the PCR court considered oral argument and issued a written opinion on March 11, 2016, denying defendant's petition. The PCR court found defendant's petition was time-barred pursuant to Rule 3:22-12(a)(1) because he had five years from the date of his conviction, January 28, 2005, to file his

petition.   The PCR court found defendant had not received ineffective assistance of counsel, the court's limiting instructions were proper, and defendant's contentions regarding prosecutorial misconduct were without merit.   This appeal followed.

On appeal, defendant raises the following claims through counsel:

POINT I

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF, IN PART, UPON PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-12(a)(1).

POINT II

THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION AT THE TRIAL LEVEL IN SEVERAL DIFFERENT RESPECTS.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS AND PETITIONS FOR POST CONVICTION RELIEF.

B. THE DEFENDANT DID NOT RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF COUNSEL'S DECISION TO PERMIT THE STATE TO ELICIT TESTIMONY FROM THE VICTIM'S MOTHER CHARACTERIZING THE DEFENDANT AS A "PEDOPHILE."

5

C. TRIAL COUNSEL DID NOT ADEQUATELY REPRESENT THE DEFENDANT ARISING OUT OF HIS FAILURE TO THOROUGHLY DISCUSS WITH HIS CLIENT ALL RELEVANT RAMIFICATIONS ASSOCIATED WITH THE DECISION WHETHER OR NOT TO TESTIFY, AS A RESULT OF WHICH THE DEFENDANT DID NOT TESTIFY IN HIS OWN DEFENSE.

Defendant also raises the following points in his supplemental pro se brief:

POINT I

DEFENDANT WAS DENIED DUE PROCESS OF LAW AND THE RIGHT TO PREPARE HIS DEFENSE WHERE THE PROSECUTOR WITHHELD MATERIALS FROM THE GRAND JURY THAT WOULD BE EXCULPATORY TO THE DEFENDANT.

POINT II

THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE REPRESENTATION BY COUNSEL BY VIRTUE OF HIS COURT-APPOINTED LAWYER'S FAILURE TO ADEQUATE INVESTIGATE THE DEFENDANT'S CASE AND FAILURE TO PRESENT EVIDENCE AT TRIAL.

POINT III

THE DEFENDANT WAS PREJUDICED BY THE PREMATURE COMMENCEMENT OF HIS TRIAL.

POINT IV

SEEN EVEN UNDER THE MOST LENIENT LIGHT, JUDGE NIEVES' REMARKS, MADE JUST BEFORE HE WAS TO PRESIDE BEFORE A CHILD SEX ABUSE CASE WERE NOT ONLY IMPROPER, BUT MORE IMPORTANTLY UNDOUBTEDLY PREJUDICED THE COURT AGAINST [D.D.Z.] AFTER THOSE REMARKS, IT WAS

6

IMPOSSIBLE FOR [D.D.Z.], OR ANY DEFENDANT IN
HIS SITUATION, TO RECEIVE AN UNBIASED HEARING.

POINT V

DENIAL OF APPELLANT'S APPLICATION WAS CONTRARY
TO ESTABLISHED LAW REGARDING INEFFICIENT
ASSISTANCE OF COUNSEL.

I.

Defendant argues the trial court erred in denying his PCR petition on grounds it was time-barred pursuant to Rule 3:22-12(a)(1). We disagree.

Rule 3:22-12(a)(1) states:

> [N]o petition shall be filed pursuant to this rule more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged unless:
>
> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]

The burden rests with defendant to establish excusable neglect. State v. Milne, 178 N.J. 486, 492 (2004). "The New Jersey Supreme Court has required a showing of 'compelling, extenuating circumstances' or, alternatively, 'exceptional circumstances,' to relax the time limitation for a PCR petition." State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (quoting Milne, supra, 178 N.J. at 492). The Court has explained

7

the decision to relax the time bar should occur only under exceptional circumstances and the court should consider: (1) "the extent and cause of the delay"; (2) "the prejudice to the State"; and (3) "the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limits." State v. Afanador, 151 N.J. 41, 52 (1997) (quoting State v. Mitchell, 126 N.J. 565, 580 (1992)).

Defendant argues that his petition for PCR is not time-barred because he established excusable neglect as shown by the "apparent failure of the defendant's attorneys to have abided by their responsibilities and obligations toward the defendant." Specifically, defendant argues that the trial court and trial counsel's failure to advise defendant of the time frame to file a petition for PCR constitutes excusable neglect.

The record shows that defendant initially filed his PCR petition on August 15, 2010. However, defendant's petition was denied without prejudice, because we had previously remanded the matter for resentencing, which had not yet occurred. Defendant then refiled his PCR petition on January 22, 2014.

Defendant's judgment of conviction was dated January 28, 2004.[2] Therefore, pursuant to <u>Rule</u> 3:22-12(a)(1), defendant's PCR petition should have been filed by January 28, 2009. Defendant's initial petition was one year and eight months late, and his present petition is five years late.

Defendant argues that the trial court and trial counsel's failure to inform him of the time within which a PCR petition must be filed constitutes excusable neglect. We disagree. A "[d]efendant's assertion that he lacks sophistication in the law does not [constitute] exceptional circumstances." <u>State v. Murray</u>, 162 <u>N.J.</u> 240, 246 (2000).

Additionally, defendant does not meet the criteria outlined in <u>Afanador</u>, <u>supra</u>, to relax the time bar. He has not provided an adequate reason for the delay in filing the PCR petition, and has not demonstrated that enforcement of the time-bar would result in a fundamental injustice. Therefore, we conclude the PCR judge correctly found that defendant's petition was time-barred. Notwithstanding, the PCR judge addressed the merits of defendant's petition, which we turn to next.

---

[2] Defendant's brief, the State's brief and the trial court's order all indicate defendant was originally sentenced on January 28, 2005. However, we utilize the date on the Judgment of Conviction, which is January 28, 2004.

Defendant asserts the PCR court erred because it denied him an evidentiary hearing to address his claim of ineffective assistance of counsel relating to his trial.  We disagree.

Rule 3:22-10(b) provides:

> A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief. To establish a prima facie case, defendant must demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.

Furthermore, Rule 3:22-10(e) provides the court shall not grant an evidentiary hearing if: (1) it "will not aid [in] the court's analysis of the defendant's entitlement to post-conviction relief"; (2) "the defendant's allegations are too vague, conclusory or speculative"; or (3) the defendant is attempting to use the hearing to explore or investigate other possible unsubstantiated PCR claims.

The decision as to whether to hold an evidentiary hearing on a PCR petition is committed to the sound discretion of the PCR judge.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.),

certif. denied, 162 N.J. 199 (1999). The judge should grant an evidentiary hearing and make a determination on the merits of a defendant's claim only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, supra, 129 N.J. at 462.

In determining whether a prima facie claim has been established, the facts should be viewed "in the light most favorable to a defendant." Id. at 462-63. Additionally, "[a] petitioner must establish the right to such relief by a preponderance of the credible evidence." Id. at 459. "To sustain that burden, specific facts must be alleged and articulated" to "provide the court with an adequate basis on which to rest its decision." Mitchell, supra, 126 N.J. at 579.

To establish ineffective assistance of counsel, defendant must satisfy a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

[Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland, supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693).]

Counsel's performance is evaluated with extreme deference, "requiring 'a strong presumption that [counsel's] conduct falls within the wide range of reasonable professional assistance.'" Fritz, supra, 105 N.J. at 52 (quoting Strickland, supra, 466 U.S. at 688-89, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694.). "To rebut that strong presumption, a [petitioner] must establish . . . trial counsel's actions did not equate to 'sound trial strategy.'" State v. Castagna, 187 N.J. 293, 314 (2005) (quoting Strickland, supra, 466 U.S. at 688-89, 104 S. Ct. at 2065, 80 L. Ed. 2d at 694; see also State v. Savage, 120 N.J. 594, 618 (1990) ("[C]ounsel has a duty to make reasonable investigations or to make a 'reasonable decision that makes particular investigations unnecessary.' A failure to do so will render the lawyer's performance deficient.") (citation omitted). "Mere dissatisfaction with a counsel's exercise of judgment is insufficient to warrant overturning a conviction." State v. Nash, 212 N.J. 518, 542 (2013)(internal quotations omitted).

To prove prejudice, "'actual ineffectiveness' . . . must [generally] be proved." Fritz, supra, 105 N.J. at 52. Petitioner

must show the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Savage, supra, 120 N.J. at 614 (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698).

> It is not enough for [a] defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.
>
> [Strickland, supra, 466 U.S. at 693, 104 S. Ct. at 2067, 80 L. Ed. 2d at 691 (internal citation omitted).]

Prejudice may be presumed when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing[.]" United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047, 80 L. Ed. 2d 657, 667-68 (1984).

Defendant contends trial counsel erroneously permitted the State to elicit testimony from S.Z.'s mother, who characterized defendant as a "pedophile." He claims the PCR court summarily dismissed the issue by incorrectly concluding that the testimony had been given outside the presence of the jury. Defendant argues

the trial court erred by dismissing these claims without an evidentiary hearing.

The testimony in question was initially addressed before trial. The court asked the prosecutor if she had considered how to present to the jury that S.Z.'s mother told S.Z. defendant was a pedophile. The prosecutor responded she had, and if there was an objection, a limiting instruction would be appropriate. Defense counsel stated he preferred the jury not hear that "sort of allegation," but it was important the jury hear an explanation of how the allegation arose and that it was not spontaneously reported by the child. Following this exchange, the court stated counsel should agree before the testimony of S.Z.'s mother.

S.Z.'s mother then testified during a N.J.R.E. 401 hearing, stating she:

> sat the boys down to tell them that [she] had found out some information about their uncle. And [she] sat them down and told them that Uncle [D.D.Z.] had a sickness, and that it was called pedophilia. And what it meant was that he touched boys inappropriately, and no one had any right to do that to anybody . . . whether they're a stranger or family member . . . no one has any right to do that.

The trial court found S.Z.'s mother's statements were admissible, but reiterated "this question of the defendant being characterized as a pedophile has to be addressed." Defense counsel stated he wanted the jury to hear S.Z.'s mother's characterization

14

of defendant as a pedophile because it would raise questions about the authenticity of S.Z.'s statements, but he did not want S.Z.'s mother to testify as to how she obtained that information. The prosecutor indicated she could instruct S.Z.'s mother to limit her testimony as long as it was clear the State was not attempting to elicit "some type of bad character evidence." The trial court concurred.

During trial, S.Z.'s mother testified as follows:

> I was talking to my sons about pedophilia. And I told them that their uncle had a disease, and it was called pedophilia. And it meant that he touched children inappropriately. And I told them that no one had any right to do that to them, whether it was a stranger or a family member, that it was just wrong.

In addition, during defense counsel's opening, cross-examination and summation, as well as during S.Z.'s and S.Z.'s mother's testimony, defendant was characterized as a pedophile.

The court instructed the jury on S.Z.'s mother's testimony regarding how S.Z. informed her sons about the charges against defendant. The court stated:

> you [] heard some evidence that [S.Z.'s mother] told her sons that their uncle, the defendant, was a pedophile and that he had inappropriately touched boys. Now, normally in a criminal case evidence like that would never be permitted . . . however from time to time our rules do permit evidence when it's offered for a limited purpose . . . in this particular case this evidence was allowed for

> a limited purpose . . . so that you could hear
> the discussions . . . between [S.Z.'s mother]
> and [S.Z.], and . . . evaluate whether you
> think anything [S.Z.'s mother] said to [S.Z.]
> in any way . . . influenced his statements
> about what happened to him . . . You cannot
> . . . conclude that because [S.Z.'s mother]
> characterized the defendant as a pedophile
> that he must be guilty of the crimes charged
> in this indictment.

During the jury charge, the trial court reiterated the limiting instruction as to how the jury should consider S.Z.'s mother's statements to her sons that defendant was a pedophile.

Now defendant claims counsel's decision to agree to a limiting instruction, rather than seek to bar the statements, demonstrates ineffective assistance of counsel. Defendant claims the second prong of Strickland is satisfied because the use of the term "pedophile" clearly prejudiced the jury. In response, the State contends the testimony in question "was a necessary component in assessing the trustworthiness of the victim's disclosure," "[t]he trial court admitted the statements . . . and the Appellate Division affirmed that ruling."

Although we agree with defendant the PCR court was mistaken in finding the testimony in question occurred outside of the presence of the jury, it does not change the outcome. Defense counsel's decision to allow the testimony with a limiting instruction was a tactical decision, which should be afforded

16

"extreme deference." State v. Arthur, 184 N.J. 307, 322 (2005) (citations omitted). Defendant must therefore demonstrate counsel's decision constitutes a serious error that prejudiced the jury.

Defendant's argument does not meet the first prong of the Strickland test. The mere fact there existed another strategy, namely, to keep the statement out of evidence altogether, is not prima facie evidence of a serious error. Additionally, the record supports the decision to permit the testimony and use a limiting instruction was not done without cause, but was a deliberate strategic decision. This claim does not demonstrate a material dispute warranting an evidentiary hearing.

Next, defendant claims he was deprived of effective assistance of counsel as a result of trial counsel's failure to call him to testify on his own behalf. Defendant certifies that despite his "deep desire to testify at trial and profess his innocence," he did not testify "because of trial counsel's utter failure to properly prepare [defendant] to do so." Defendant further contends the trial court's failure to address this issue at an evidentiary hearing was also error. We disagree.

Generally, "[i]t is the responsibility of a defendant's counsel, not the trial court, to advise defendant on whether or not to testify and to explain the tactical advantages and

17

disadvantages of doing so or [] not doing so." <u>State v. Bogus</u>, 223 <u>N.J. Super.</u> 409, 423 (App. Div.), <u>certif. denied</u>, 111 <u>N.J.</u> 567 (1988). Notwithstanding, the record demonstrates that during the trial, the court took special care to remind defendant of his right to testify.

> THE COURT: All right. [D.D.Z.], do you understand that in this case you have a right to testify?
>
> [D.D.Z.]: Yes, sir, your Honor.
>
> THE COURT: And you understand that if you choose to testify, of course, the prosecutor will have an opportunity to question you about anything that is relevant to these proceedings and also question you about your prior criminal convictions. You understand that?
>
> [D.D.Z.]: Yes, sir.
>
> THE COURT: Of course, you also have a right not to testify, right?
>
> [D.D.Z.]: (Nods)
>
> THE COURT: And if you elect not to testify, I will instruct the jury that that cannot be held against you. And they have to consider the charges against you based on the evidence that they have heard, but they can't hold it against you that you have chosen not to testify. Do you understand that?
>
> [D.D.Z.]: Yes, sir.
>
> THE COURT: Now, you've had an opportunity, I'm sure, to consult with [counsel] about this decision regarding whether or not to testify?
>
> [D.D.Z.]: Yes, sir.

THE COURT: Is that a yes?

[D.D.Z.]: Yes, your Honor.

THE COURT: Do you understand that even though [counsel] has a duty to give you his best legal advice, the decision regarding your testimony has to be your personal decision, right?

[D.D.Z.]: Yes, your Honor.

THE COURT: And is it your personal decision that you've decided not to testify?

[D.D.Z.]: That is correct your Honor.

The trial court addressed the issue again the following day, asking if defense counsel had the opportunity to speak with defendant regarding whether he would testify. Counsel stated he had not, and the trial court directed he do so before the jury returned. Following the testimony of two defense witnesses, the trial court held a sidebar and again inquired if defendant would be called to testify. Counsel indicated the defense would rest.

Defendant was clearly advised of his right to testify and declined to do so. For these reasons, we reject defendant's claim the "colloquy which took place between the trial court, trial counsel and the defendant was inadequate and insufficient to reach an informed conclusion that the defendant's decision not to testify had been knowingly, voluntarily and intelligently made." Given the thoroughness of the trial judge's inquiry into defendant's

right to testify, the PCR court's denial of an evidentiary hearing was warranted.

In his pro se supplemental brief, defendant claims he was denied the ineffective assistance of counsel because his trial counsel failed to adequately investigate the case or introduce evidence. Specifically, defendant contends trial counsel had a report from the Division of Youth and Family Services[3] (Division) as well as other transcripts, including a transcript from the initial police interview, which counsel did not investigate or introduce into evidence. The Division's report found S.Z.'s allegations were "unsubstantiated." Defendant claims that his attorney was deficient in failing to investigate and produce the Division's report at trial. He asserts that had counsel investigated the matter and presented the report, he would likely have been acquitted.

The failure by trial counsel to conduct a pre-trial investigation may give rise to a claim of ineffective assistance of counsel. Preciose, supra, 129 N.J. at 464. A defendant's right to a "vigorous defense" means defense counsel must

---

[3] On June 29, 2012, the Governor signed into law A-3101, which reorganizes the Department of Children and Families, which includes the renaming of the Division as the Division of Child Protection and Permanency. L. 2012, c. 16, eff. June 29, 2012.

A-4645-15T1

"investigate all substantial defenses available." State v. Russo, 333 N.J. Super. 119, 139 (App. Div. 2000).

However, defendant is required to plead more than "bald assertions" when alleging ineffective assistance of counsel because of a failure to investigate. Cummings, supra, 321 N.J. Super. at 170. Defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid. If defendant merely speculates the evidence would have been exculpatory, the claim will fail. Fritz, 105 N.J. at 63.

We reject defendant's claim that the evidence from the Division records and the interview of S.Z. was either exculpatory or presented an adequate defense. At trial, the State presented the videotape of S.Z.'s statement. However, defendant's reliance on S.Z.'s statement from the videotaped interview: "I kind of remember it pretty unclearly," relating to the abuse would be useful only for the limited purpose of impeaching S.Z.'s testimony. Also, the Division's determination the abuse was unsubstantiated is not exculpatory evidence. The Division's regulations at the time defined unsubstantiated findings as circumstances where the evidence is insufficient to make an evaluation. N.J.A.C. 10:129A-3.3(a)(2).

Thus, admission of the evidence from the Division would not have negated the elements of the offense established by the weight of the evidence presented by the State. Defendant's pro se brief concedes this evidence only had the potential to exculpate. Therefore, the failure to adduce the Division's records into evidence did not prejudice defendant, and the admission of S.Z.'s statement into evidence did not exculpate him. Defendant's assertions are merely speculative. See Fritz, supra, 105 N.J. at 63. Because the existing record was sufficient to resolve defendant's claims, and he did not establish a prima facie case for PCR, the PCR court was not required to hold an evidentiary hearing.

Lastly, defendant, in his pro se supplemental brief, argues his first attorney filed a motion to suppress the videotaped statement of S.Z., but his trial counsel withdrew the motion. Defendant claims this proves ineffective assistance of counsel.

There is no evidence in the record the decision to withdraw the motion to suppress was deficient. Defendant does not articulate how S.Z.'s statements would have been suppressed. As previously stated, "a [petitioner] must establish . . . trial counsel's actions did not equate to sound trial strategy." Castagna, supra, 187 N.J. at 314; see Savage, supra, 120 N.J. at 618. As defendant has not established trial counsel was deficient,

the first prong of <u>Strickland</u> is not met and this claim fails. <u>Strickland</u>, <u>supra</u>, 466 <u>U.S.</u> at 694, 104 <u>S. Ct.</u> at 2068, 80 <u>L. Ed.</u> 2d at 698.

The remaining arguments in defendant's pro se brief are without sufficient merit to warrant discussion in a written opinion. <u>Rule</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION